## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BERLINER, CORCORAN & ROWE, L.L.P.,
1101 17th Street, N.W.
Suite 1100
Washington, D.C. 20036-4798,

                                    Plaintiff,

           . - against -

MARK MONTINI,
1765 Ridgemill Terrace
Dacula, Georgia 30019-2952,

                                    Defendant.

Case No.

## VERIFIED COMPLAINT FOR DAMAGES

Plaintiff Berliner, Corcoran & Rowe, L.L.P. ("BCR"), *pro se*, as and for its verified complaint for damages against Mark Montini, alleges:

## PARTIES

1.      Plaintiff BCR is a limited liability law partnership organized under the laws of, and having its principal place of business in, the District of Columbia.

2.      Defendant Mark Montini ("Montini") is a natural person who is, and at all times relevant to these causes of action was, a citizen of the State of Georgia.

## JURISDICTION

3.      As averred in detail below, the matter in controversy between the parties substantially exceeds $75,000, exclusive of interest and costs.

4.      BCR and Montini are citizens of different States.

5.      By virtue of the foregoing facts, this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1).

## VENUE

6.      As averred in detail below, the events or omissions giving rise to BCR's claims asserted herein involve Montini's failure to pay BCR for the legal services performed for him and for the reimbursable expenses it incurred on his behalf, all at his request, in the District of Columbia.

7.      BCR's claims for relief arise out of Montini's transaction of business with BCR in the District of Columbia, *to wit*, Montini's engagement of BCR to perform legal services performed for him and incur reimbursable expenses on his behalf in the District of Columbia.

8.      Montini is therefore subject to personal jurisdiction in the District of Columbia pursuant to D.C. Code Ann. § 13-423(a)(1) (Lexis Nexis 2001).

9.      By virtue of the foregoing facts, venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391(a).

## ALLEGATIONS COMMON TO ALL COUNTS

10.      On or about March 16, 2005, Montini engaged BCR, through attorneys in its Washington, D.C., office, to render legal services in his defense against a civil action commenced against him on March 9, 2005, in the United States District Court for the District of Columbia by Richard Raymen and Steven Hansen, to wit, *Raymen, et al. v. United Seniors Ass'n, Inc., et al.*, Case No. 1:05-CV-00486 (RBW) ("Raymen Action").

2

11.    Montini's engagement of BCR was memorialized in a written engagement agreement dated March 17, 2005, a copy of which is attached hereto and incorporated by reference herein as Exhibit 1 ("Engagement Agreement").

12.    All of Montini's communications with BCR (other than face-to-face meetings, all of which occurred in BCR's offices), including his engagement of BCR, were made by telephone calls and electronic mail messages sent to the firm's Washington, D.C., offices from March 16, 2005, through February 27, 2006.

13.    Montini's engagement of BCR, as memorialized in the Engagement Agreement, was a contract pursuant to which Montini agreed to pay for BCR's legal services at the hourly rates of the attorneys who performed legal services for him and agreed to reimburse BCR for expenses incurred in his behalf in connection with the representation.

14.    On or about March 22, 2005, in furtherance of Montini's engagement of BCR, Montini paid BCR a retainer of $5,000.00 to cover the initial fees and costs of BCR's legal representation of him.

15.    In furtherance of Montini's engagement of BCR, BCR performed legal services for Montini and incurred reimbursable expenses in his behalf beginning on or about March 16, 2005, and continuing through February 28, 2006.

16.    At Montini's request, BCR researched, drafted, and otherwise prepared Montini's April 25, 2005, motion (including all supporting memoranda and exhibits) pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss all counts of the complaint in the Raymen Action for failure to state a claim upon which relief can be granted.

17.    Once each month beginning in April 2005 and continuing through March

3

6, 2006, BCR rendered an account to Montini for the legal services it performed for him and for the reimbursable expenses it incurred on Montini's behalf during the previous month.

18.    BCR rendered each of these accounts by sending them to Montini by first-class mail, postage prepaid, to the Georgia address he had given BCR.

19.    Montini received each of BCR's accounts rendered to him.

20.    When BCR rendered its first account to Montini on April 13, 2005, he owed BCR $30,658.57 for legal services performed for him and reimbursable expenses incurred on his behalf through March 31, 2005.

21.    By a memorandum and order dated January 20, 2006, Montini's motion to dismiss the complaint in the Raymen Action was granted in full.

22.    On February 7, 2006, the plaintiffs in the Raymen Action noticed an appeal of the order dismissing their complaint.

23.    When BCR rendered an account to Montini on March 6, 2006 (copy attached hereto as Exhibit 2), he owed BCR $140,040.94 for legal services performed for him and reimbursable expenses incurred on his behalf through February 28, 2005.

24.    All of the $140,040.94 due and owing by Montini to BCR reflected in the March 6, 2006, account was more than 30 days overdue.

25.    Besides his $5,000.00 retainer payment, since March 2005, Montini has made no payments to reduce his indebtedness to BCR.

26.    Montini has failed to object to any of the statements of his account with BCR.

27.    To date, Montini has failed to pay any portion of his account as stated in

4

each and every one of the statements dated April 2005 through March 2006 inclusive, despite BCR's repeated demands for payment.

28.    The Engagement Agreement permits BCR to charge Montini interest at a rate of 1.5 percent per each month that the balance due on a given account is more than 30 days overdue.

29.    As per the Engagement Agreement, Montini owes BCR $19,186.05 in aggregate interest for the amounts of attorneys' fees and reimbursable expenses charged for the previous month in each of the 12 accounts rendered to Montini, all of which are more than 30 days overdue.

**COUNT I**
**(Breach of Contract)**

30.    Plaintiff repeats each and every allegation contained in paragraphs 1 through 29 as if set forth herein.

31.    BCR fully performed its obligations under the Engagement Agreement.

32.    Montini breached the Engagement Agreement by failing to pay BCR $140,040.94 due and owing for legal services performed for Montini and for reimbursable expenses incurred in his behalf through December 2005, despite BCR's repeated demands for payment.

33.    By reason of the foregoing BCR has suffered damages (including interest) in the amount of $159,226.99.

## COUNT II
### (Failure to Pay Accounts Stated)

34.    Plaintiff repeats each and every allegation contained in paragraphs 1 through 33 as if set forth herein.

35.    Since at least April 13, 2005, BCR and Montini have stood in relation to each other as creditor and debtor.

36.    Montini's retention of the accounts rendered by BCR from April 2005 through March 2006 without objection was unreasonable and transformed them into accounts stated.

37.    By reason of Montini's failure to pay the accounts stated, BCR has suffered damages (including interest) in the amount of $159,226.99.

## COUNT III
### (*Quantum Meruit*)

38.    Plaintiff repeats each and every allegation contained in paragraphs 1 through 37 as if set forth herein.

39.    Through February 28, 2006, and at Montini's request, BCR performed for Montini valuable legal services having a fair and reasonable value of $140,040.94.

40.    Montini accepted, used, and enjoyed BCR's legal services under circumstances giving him reasonable notice that BCR, in performing such services, expected to be paid by him for them.

41.    To date, despite BCR's repeated demands, Montini has failed to pay BCR for the fair and reasonable value of its legal services.

6

42.    By Montini's acceptance, use, and enjoyment of BCR's legal services without paying for them, BCR has suffered damages (including interest) in the amount of $159,226.99.

WHEREFORE BCR demands judgment against Montini in the amount of $159,226.99, together with pre-judgment and post-judgment interest thereon as allowed by law and the Engagement Agreement, the costs of this action, and such other and further relief as to the Court seems just and proper.

Dated: Washington, D.C.
      April 13, 2006

                     BERLINER, CORCORAN & ROWE, L.L.P.

                     *Pro se*

By: _____

                   Thomas E. Wilson
                        D.C. Bar No. 132704
                   Alexander C. Vincent
                        D.C. Bar No. 472459
                   Jason A. McClurg
                        D.C. Bar No. 491172

                   1101 17th Street, N.W.
                   Suite 1100
                   Washington, D.C.  20036-4798
                   Telephone:  (202) 293-5555
                   Fax:  (202) 293-9035
                   E-mail:       twilson@bcr-dc.com
                                 acv@bcr-dc.com
                                 jam@bcr-dc.com

# V E R I F I C A T I O N

**DISTRICT OF COLUMBIA**     :     ss.:

      THOMAS E. WILSON, being duly sworn on oath, deposes and says that he is of counsel to Berliner, Corcoran & Rowe, L.L.P., the law firm named as plaintiff in the foregoing Verified Complaint for Damages; that he has read the same and knows the contents thereof; and that it is a true and correct statement of the amount owing by defendant to plaintiff, exclusive of all setoffs and just grounds of defense.

                             Thomas E. Wilson

Sworn to before me this 13th day of April 2006.

Bonnie V. Jones
Notary Public

My Commission expires:_____
                   My Commission Expires May 14, 2007

8