## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BERLINER, CORCORAN & ROWE, L.L.P.,

                           Plaintiff,

            - against -                               Case No. 1:06-CV-00674 (GK)

MARK MONTINI,

                           Defendant.

---

### PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT BY THE CLERK

Plaintiff Berliner, Corcoran & Rowe, L.L.P. ("BCR"), *pro se* and pursuant to Fed.

R. Civ. P. 55(b)(1), hereby moves for entry of default judgment in this action by the Clerk.  The

grounds for the relief sought are set forth in the attached memorandum of points and authorities.

Since this motion requests entry of judgment by default by the Clerk, no proposed order is

submitted herewith.

Dated:  Washington, D.C.
        May 31, 2006

                                        BERLINER, CORCORAN & ROWE, L.L.P.

                                        *Pro se*


                        By:    /s/ Thomas E. Wilson
                               Thomas E. Wilson
                                   D.C. Bar No. 132704
                               Alexander C. Vincent
                                   D.C. Bar No. 472459
                               Jason A. McClurg
                                   D.C. Bar No. 491172

1101 17th Street, N.W.
Suite 1100
Washington, D.C.  20036-4798
Telephone:  (202) 293-5555
Fax:  (202) 293-9035
E-mail:        twilson@bcr-dc.com
                acv@bcr-dc.com
                jam@bcr-dc.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

BERLINER, CORCORAN & ROWE, L.L.P.,

                                        Plaintiff,

                - against -                          Case No. 1:06-CV-00674 (GK)

MARK MONTINI,

                                        Defendant.

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT BY THE CLERK**

Plaintiff Berliner, Corcoran & Rowe, L.L.P. ("BCR"), *pro se*, submits this

memorandum of points and authorities in support of its Motion for Entry of Default Judgment by

the Clerk, filed May 31, 2006.  The facts on which BCR relies are of record.  Unless otherwise

stated herein, defined terms have the meanings assigned to them in BCR's Verified Complaint

for Damages (Apr. 13, 2006) (Docket # 1-1).

**RELEVANT PROCEDURAL FACTS**

This action to collect $159,226.99 in unpaid fees for legal services BCR rendered

to, and reimbursable expenses BCR incurred on behalf of, defendant Mark Montini ("Montini"),

plus interest, was filed April 13, 2006 (Docket # 1-1).  Montini was personally served with

process at his home in Dacula, Georgia, on April 24, 2006 (Docket # 4).  The time within which

Montini was obliged under Fed. R. Civ. P. 12(a)(1)(A) to plead or otherwise defend in response

to the complaint expired on May 15, 2006 (Decl. in Support of Default (May 23, 2006) (Docket #

5).

On May 24, 2006, in response to BCR's filing of a Declaration in Support of Default (Docket # 5) and a Declaration of Compliance with the Servicemembers Civil Relief Act (Docket # 6), the Clerk entered Montini's default (Docket # 7).


## ARGUMENT

Fed. R. Civ. P. 55(b)(1) requires the Clerk to enter judgment by default (1) against a defendant who has been defaulted for failure to appear and (2) who is not an infant or incompetent person if (3) the plaintiff's claim is for a sum certain, and (4) the plaintiff submits an affidavit as to the amount due:

> When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

As discussed below, each of the four requirements of Rule 55(b)(1) plus a fifth requirement mandated by statute, each of which is necessary to trigger the Clerk's duty to enter judgment by default against Montini, has been met.

First, BCR's claim against Montini is for $159,226.99, a sum certain that comprises the aggregate amount of all unpaid accounts rendered to Montini plus aggregate interest that Montini's Engagement Agreement permits BCR to charge on all invoices that remain unpaid for more than 30 days (*see* Compl., Exs. 1 & 2 (Docket #s 1-2 & 1-3)). BCR's claim qualifies as a "sum certain" within the meaning of Rule 55(b)(1) because it is based on

2

BCR's March 6, 2006, invoice to Montini, attached as Exhibit 2 to the complaint, in the amount of $140,040.94 (Docket # 1-3).  This invoice leaves no doubt as to the amount to which BCR is entitled as a result of Montini's default, obviating the need for extrinsic proof of damages.  *See KPS & Assoc., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19-20 (1st Cir. 2003).

The remaining $19,186.05 of BCR's claim comprises the aggregate interest charged on the unpaid amounts due in each of the 12 accounts rendered to Montini, each of which is more than 30 days overdue (*see* Compl. ¶¶ 28, 29 (Docket # 1-1)).  BCR's claim for interest, calculated at 1.5 percent per month on each unpaid amount that is more than 30 days overdue, is based on the Engagement Agreement by and between BCR and Montini, attached as Exhibit 1 to the complaint (Docket # 1-2).

For the foregoing reasons, BCR's claim is liquidated.  Under these circumstances, Rule 55(b)(1) gives the Clerk non-discretionary authority to enter judgment by default.  *See Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980); *Thorpe v. Thorpe*, 364 F.2d 692, 693-94 (D.C. Cir. 1966) (holding that Clerk properly entered default judgment for one-half of liquidated sum demanded in complaint based on plaintiff's affidavit that one-half was amount due).

Second, the affidavit requirement of Rule 55(b)(1) is satisfied because the complaint was verified under oath (Compl. (Docket # 1-1)).

Third, the Clerk has declared Montini to be in default for having failed to plead or otherwise defend this action — *i.e.,* "for failure to appear" — despite being served personally on April 24, 2006 (Default (Docket # 7)).  Montini is thereby deemed to have admitted BCR's well pleaded allegations, including the allegation that he owes BCR $159,226.99 in unpaid attorneys' fees, reimbursable expenses, and contractually authorized interest.  *See, e.g., DirecTV, Inc., v.*

3

*Agee*, 405 F. Supp. 2d 6, 9 (D.D.C. 2005) ("defendant's default is an admission of liability for the well-pleaded allegations of the complaint"); *International Painters and Allied Trades Industry Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) ("A defaulting defendant is deemed to admit every well-pleaded allegation in the complaint.") (quoting *Trans World Airlines, Inc. v. Hughes Tool Co.*, 449 F.2d 51, 63 (2nd Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)).

Fourth, Montini is not an infant or incompetent person (Decl. in Support of Default ¶ 8 (May 23, 2006) (Docket # 5)).

There is a fifth requirement not stated in Rule 55(b)(1) but supplied by section 201(b) of the Servicemembers Civil Relief Act, Pub. L. No. 108-189, 117 Stat. 2835, 2840-41 (2003) (codified at 50 U.S.C. app. § 521(b)) ("SCRA"). BCR has likewise met this requirement (*see* Decl. of Compliance With the Servicemembers Civil Relief Act (May 23, 2006) (Docket # 6)).

Because the foregoing requirements of Rule 55(b)(1) and the SCRA have all been met, the Clerk should enter judgment by default for $159,226.99 and costs in favor of BCR and against Montini.

4

**<u>CONCLUSION</u>**

For the foregoing reasons, the motion should in all respects be granted by the

Clerk.

Dated: Washington, D.C.
       May 31, 2006

                                        Respectfully submitted,

                                        BERLINER, CORCORAN & ROWE, L.L.P.

                                        *Pro se*

By:    /s/ Thomas E. Wilson
            Thomas E. Wilson
                D.C. Bar No. 132704
            Alexander C. Vincent
                D.C. Bar No. 472459
            Jason A. McClurg
                D.C. Bar No. 491172

            1101 17th Street, N.W.
            Suite 1100
            Washington, D.C.  20036-4798
            Telephone:  (202) 293-5555
            Fax:  (202) 293-9035
            E-mail:      twilson@bcr-dc.com
                                      acv@bcr-dc.com
                                      jam@bcr-dc.com